■ JUPITER EXPRESS & CARGO AGENCY, S. A., Respondent, v. L. & S. FRUIT & PRODUCE, INC., Appellant.— Order, entered on March 4, 1964, denying defendant's motion to dismiss the complaint for lack of prosecution, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. No adequate excuse has been given for the delay or for the failure to submit an affidavit of merits. (*Sortino* v. *Fisher*, 20 A D 2d 25.) Further, plaintiff has failed to proceed with the commission to take the testimony of its president in Cuba although authorized to do so on June 28, 1962. Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.

■ FAIRCHILD CAMERA AND INSTRUMENT CORPORATION, Appellant, v. AMADEO H. BARLETTA et al., Respondents, et al., Defendant.— Order, entered on March 16, 1964, granting defendants' motion for a protective order and vacating plaintiff's notice of examination before trial of defendants, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to plaintiff-appellant. Defendants are directed to submit to an oral examination by plaintiff in New York City within six months from the date of the order to be entered hereon. Defendants shall serve upon plaintiff five days' notice of the date and time of their availability for examination at the place therefor designated in said order. The expenses are to be borne initially by defendants and to be taxable as costs in the event defendants prevail in the action. Defendants have failed to sustain their burden of showing hardship. (*United Refrigerator Co.* v. *Rose*, 19 A D 2d 809; *Schoen* v. *Morgan Trucking Co.*, 13 A D 2d 622.) Settle order on notice. Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.

■ EDWARD T. ROEHNER, Appellant, v. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.— Order, entered on July 19, 1963, denying plaintiff's motion to review and retax defendant's bill of costs, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiff-appellant, and the motion granted striking the item of $252.36 from the bill of costs. The supplemental papers were not properly made part of the printed record on appeal under former rule 234 of the Rules of Civil Practice. Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.

■ SAMUEL NISSEL, Appellant, v. JOACHIM ROSEN et al., Individually and as Copartners Doing Business under the Name of QUALITY IRON WORKS, Respondents.— Judgment, entered on June 3, 1963, dismissing the complaint at the close of plaintiff's case in an action for personal injuries for failure to establish a prima facie case, unanimously reversed, on the law and on the facts, and a new trial ordered, with costs to abide the event. Plaintiff's proof enabled the jury to find that defendants' employee standing behind the solid metal fire escape door negligently attempted to close it when he knew or should have known a person, the plaintiff, was stationed in front of it in a position of danger. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.